BOSICH *v.* SKERMETTI *et al.**

(Division B.    April 25, 1927.)

[112 So. 385.    No. 26458.]

JUDGMENT.  *Three-year limitation statute for bringing action on foreign judgment against citizen residing in state at filing suit held not violative of full faith and credit clause; state may prescribe reasonable statute of limitations for suing on foreign judgment (Hemingway's Code, section 2468; Const. U. S., art. 4, section 1; U. S. Comp. St., section 1519).*

Section 2468, Hemingway's Code, prescribing a statute of limitations of three years, during which a suit must be brought upon a foreign judgment against a citizen of this state who was a resident of this state at the time the suit was filed in such foreign state, is valid, and is not in conflict with article 4, of section 1, United States Constitution, nor with any act of Congress in aid of said constitutional provision. The state has the right, under such conditions, to prescribe a reasonable statute of limitations.

---

*Corpus Juris-Cyc References: Judgments, 34CJ, p. 1110, n. 42.

APPEAL from the circuit court of Harrison county. HON. W. A. WHITE, Judge.

Action by George Bosich against John Skermetti and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

*Wm. Estopinal,* for appellant.

The plaintiff relies on Barnes' Federal Code, page 298, chapter 1266. The Congress of the United States in conformity with article 4, section 1 of the Constitution of the United States has prescribed the manner in which such records shall be proved by acts May 26, 1790, March 27, 1804.

The plaintiff contends that the above-mentioned constitution and laws of the United States are violated by the statutes of Mississippi, section 2468, Hemingway's Code, and insists that the state of Mississippi is bound to give full faith and credit to the judgment of the state of California, and that all statutes and enactments of the legislature of the state of Mississippi in contravention to the above federal laws are null and void. 15 R. C. L., pages 394-98, 927, paragraph 407; 25 R. C. L., page 1053, paragraph 278; *Shaw* v. *Postal Tel. & Cable Co.,* 31 So. 222; *Armstrong* v. *Minkus,* 47 — 467; 28 U. S. Sup. Ct. Rep. 641; 52 L. Ed. 1039.; Barnes' Federal Code U. S.. Constitution, article 4, page 28, section 1; and page 298, paragraph 1266.

This case should be reversed and remanded.

*Mize, Mize & Thompson,* for appellees.

The plea of the statute of limitations clearly was a good plea and the demurrer was properly overruled. Section 2468, Hemingway's Code, provides how all actions founded on any judgment rendered by any court of record without this state shall be brought within this state.

The plea in this case clearly sets up the facts that the appellees were residents of the state of Mississippi

at the time of the institution of the action in California and that the suit on this judgment had not been commenced within three years. The plea in this case obviated the point that was raised in *Marx* v. *Loeb,* 71 Miss. 1905. The latest construction of this statute is that of *Griswold* v. *Valley,* 101 So. 855.

In the instant case the plea alleged that the appellees were residents of Mississippi at the time the suit was instituted in California and therefore comes within the construction of this statute by this court in *Griswold* v. *Valley,* 101 So. 855.

The case is not one where it denies the full faith of any credit to the judgment of the sister state, but goes off on the statute of limitations and the law of the forum controls as to the statute of limitations whether the judgment of the sister state or of a foreign country. 15 R. C. L., page 942, section 420.

ETHRIDGE, J., delivered the opinion of the court.

The appellant filed suit against the appellees on a judgment obtained in California in the sum of seven hundred forty-five dollars with seven per cent. interest from the 26th day of August, 1922, and prayed a judgment for said amount.

There were two pleas filed to this suit, the first was that the judgment of the California court was not valid, because the defendants were never served with process · in the state of California, in the suit in which the judgment was obtained, and that the clerk of the California court had no right to take judgment by default against the defendants, and that said judgment is not based on personal service of process, or any other kind of service of process on these defendants, and that they never had been served with any kind of process in ˙said action. There was a demurrer to this plea, but the record shows no action taken thereon.

There was also another special plea, which alleged
that the plaintiff ought not to have and maintain action
against the defendants, or either of them, for the judg-
ment sued on and made the basis of this action is barred
by the statute of limitations of the state of Mississippi,
for the reason that the defendants have actually resided
in and have been residents of the state of Mississippi
for more than three years next preceding the institution
of the present cause of action, and were residents of the
state of Mississippi at the time the suit was instituted
against them in the California court, and at the time of
the rendition of the alleged judgment against them by
California court, and for the further reason that the
present cause of action was not commenced within three
years next after the rendition of the judgment by the
California court as required by section 2468, Heming-
way's Code. This plea was also demurred to, wherein
section 2468 was challenged as violative of article 4, sec-
tion 1, United States Constitution, and acts of Congress
in conformity thereto (page 298, section 1266, Barnes'
Federal Code). The court overruled this demurrer, and,
plaintiff declining to plead further in open court, a judg-
ment was rendered dismissing the cause on the merits,
from which this appeal is prosecuted.

Section 1266, Barnes' Federal Code (Revised Statutes,
905 [U. S. Comp. St., section 1519] page 298), reads as
follows:

"Authentication of legislative acts and proof of judic-
ial proceedings of any state or country. The acts of the
legislature of any state or territory, or of any country
subject to the jurisdiction of the United States, shall
be authenticated by having the seals of such state, terri-
tory, or country affixed thereto. The records and ju-
dicial proceedings of the courts of any state or terri-
tory, or of any such country, shall be proved or admitted
in any other court within the United States, by the at-
testation of the clerk, and the seal of the court annexed,
if there be a seal, together with a certificate of the judge,

chief justice, or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken."

We do not think that the federal statute referred to prohibits the state from enacting statutes of limitation providing that suit must be filed within a reasonable time within this state after the rendition of a judgment, where the defendant in the judgment at the time of the judgment, was a resident of this state. The three years' time allowed a judgment creditor to proceed in this state, if he desires to do so, or if it is necessary to do so in such case, is reasonable, and, if suit is not commenced within such time, the claim will be barred so far as any proceeding in this state is concerned.

Under the statutes of this state, and of other states, the statute of limitation does not run in favor of a judgment debtor who resides outside of the state. If California has a similar statute, the claim would never be barred in California, and still there is no reason, under the good-faith clause of the federal Constitution, for requiring the state in which the judgment debtor resides to give a like forbearance. As long as the defendants are in this state, the process of the California court is not effective to satisfy such judgment, unless property of the defendants be found in California.

We think the statute in question is perfectly valid, and the judgment of the court below is affirmed.

*Affirmed.*